IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DERRICK MITCHELL | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-10-CV-2535-L |
| WEIR EXCAVATION | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Derrick Mitchell, an African-American male, against his former employer, Weir Excavation. On December 13, 2010, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 21, 2011. The court now determines that plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Plaintiff was employed by Weir Excavation as a driver. As best the court can decipher his vague allegations, plaintiff appears to claim that he and other African-American employees were discriminated against and subjected to a hostile work environment on account of their race. His complaint reads in full:

> While employed at Weir Excavation, I attest to the following violations. Time cards were withheld from the black employees by foreman Carlos Moreno a [sic] Chris Calva Jr. and supervisor Gregg Alverez, who were on time ready to work. There were unequal opportunities for growth. Black drivers were forced to drive inoperable equipment that didn't meet federal requirements or we were sent home. Overall, Weir Excavation was an uncomfortable work environment to work[.]

(Plf. Comp. at 1). When asked to state the underlying facts made the basis of this suit, plaintiff repeated his allegation that "[t]ime cards were withheld from black employees," and added that "[b]lack drivers had to perform assigned duties off the clock" and "pretrip our trucks and wait in a fuel line before clocking in." (Mag. J. Interrog. #1(b)). However, plaintiff admitted that "no action was taken against me as a result of the discrimination." (*See* Mag. J. Interrog. #3). Although it is unclear what claim or claims plaintiff presented to the EEOC, (*see* Mag. J. Interrog. #5), he received a right-to-sue letter on or about December 20, 2010. (*See* Mag. J. Interrog. #6 & Attch.).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)  is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to allege sufficient facts to demonstrate that he suffered an "adverse employment action" as a result of discrimination. *See Mitchell v. Snow*, 326 Fed.Appx. 852, 854, 2009 WL 1687798 at *1 (5th Cir. Jun. 17, 2009) (citing cases) (adverse employment action is an essential element of Title VII discrimination claim). "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Id.*, 2009 WL 1687798 at *1, *quoting McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). Indeed, plaintiff admits that "no action was taken against me as a result of the discrimination." (*See* Mag. J. Interrog. #3).[1]

---

[1] In a letter to the Texas Workforce Commission attached as an exhibit to his interrogatory answers, plaintiff states that he was terminated by Weir Excavation on May 19, 2009, after refusing to surrender his time card to a supervisor

To the extent plaintiff attempts to recharacterize his disparate treatment claim as a pattern and practice claim, he cannot bring such a claim in his individual capacity. *See Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355-56 & n.4 (5th Cir. 2001). Nor does plaintiff have standing to sue for acts of discrimination that harmed other African-American employees. *See Preston v. Good Nature Cafe*, 33 Fed.Appx. 704 (Table), 2002 WL 432607 at *2 (5th Cir. Mar. 1, 2002) (plaintiff lacked standing to bring Title VII race discrimination on behalf of other African-Americans who were prevented from completing employment applications). Consequently, plaintiff's Title VII race discrimination claim should be summarily dismissed.

C.

That leaves plaintiff's allegation that Weir Excavation created an "uncomfortable work environment." To establish a hostile work environment claim, plaintiff must show, *inter alia*, that "the harassment complained of affected a term, condition, or privilege of employment[.]" *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002), *citing Celestine*, 266 F.3d at 353. For harassment to "affect a term, condition, or privilege of employment," it must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.*, *quoting Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 370, 126 L.Ed.2d 295 (1993). Considering the totality of the circumstances alleged by plaintiff, there is nothing to suggest that the harassment of which he complains was so severe and pervasive that it destroyed his opportunity to succeed in the workplace. *See Hill v. Dept. of Veterans Affairs*, No. 08-60532, 2009 WL 348767 at *4 (5th Cir. Feb. 12, 2009), *citing Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 347 (5th Cir. 2007).

---

as instructed. (*See* Mag. J. Interrog., Attch.). However, nothing in that letter suggests that plaintiff was terminated as a result of discrimination.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 26, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE