IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DERRICK MITCHELL**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:10-CV-2535-L** |
| | § | |
| **WEIR EXCAVATION**, | § | |
| | § | |
| Defendant. | § | |

# ORDER

This is a *pro se* civil action that alleges employment discrimination, brought by Plaintiff Derrick Mitchell ("Plaintiff") on December 13, 2010. United States Magistrate Judge Jeff Kaplan, was selected to handle matters in this case pursuant to Special Order 3-251. On January 26, 2011, Magistrate Judge Kaplan entered the Findings and Recommendation of the United States Magistrate Judge ("Report"). No objections to the Report were filed.

The magistrate judge recommends that Plaintiff's claim be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In his complaint, Plaintiff states that Defendant Weir Excavation ("Defendant") created an "uncomfortable work environment." The magistrate judge concluded that this was insufficient to state a valid claim upon which relief could be granted. After providing Plaintiff with interrogatories, the magistrate judge was only able to glean that Plaintiff generally alleges employment discrimination but wholly fails to allege sufficient facts to demonstrate that he suffered an adverse employment action as a result of discrimination. In answering the magistrate judge's interrogatory, Plaintiff admitted that "no action was taken against me as a result of the discrimination." Mag. J. Interrog. #3. Accordingly, in light of Plaintiff's answer to the magistrate

judge's interrogatory and his deficient allegations against Defendant, the magistrate judge did not allow Plaintiff's claim to survive initial screening.

After conducting its own review of the complaint, record, Report, and applicable law, the court likewise determines that Plaintiff has alleged no set of facts that could reasonably be construed to properly establish a claim for employment discrimination. Plaintiff has simply not suffered any adverse employment action as a result of any alleged discrimination. The court notes that there is also a pending motion filed by Plaintiff for the appointment of counsel that the magistrate judge did not address in the Report. Although such motion should have been addressed by the magistrate judge, the court determines that, even with the assistance of counsel, Plaintiff cannot allege sufficient facts that would give rise to an employment discrimination cause of action in light of his admissions already made. The motion for the appointment of counsel is accordingly **denied as moot**. The court **accepts** the findings and recommendation of the magistrate judge. This case is summarily **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief could be granted. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 11th day of February, 2011.

                                                   Sam A. Lindsay
                                                  United States District Judge